UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 06-10292-PBS |
| ) | |
| CARLOS FABAL, ) | |
| Defendant ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**SARIS, D.J.**

WHEREAS, on September 21, 2006, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment charging Defendant Carlos Fabal (the "Defendant") and others with the following violations: Conspiracy to Possess with Intent to Distribute and Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count One); and Conspiracy to Possess with Intent to Distribute and Distribute Heroin in violation of 21 U.S.C. § 846 (Count Two);

WHEREAS, the Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One and Two of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853, including without limitation:

Case 1:06-cr-10292-PBS   Document 150-2   Filed 10/12/2007   Page 2 of 5

>one gold 1998 Toyota Camry bearing
>Massachusetts registration 38FC64,
>registered in the name of Carlos Fabal,
>743 Hyde Park Avenue, Roslindale, Massachusetts,
>bearing VIN 4T1B622K9WU206848 (the "Vehicle");

WHEREAS, the Indictment further provided that, if the Vehicle, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Vehicle, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on July 20, 2007, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement he signed on June 29, 2007;

WHEREAS, in Section 11 of the plea agreement, the Defendant admitted that the vehicle was subject to forfeiture on the grounds that it constitutes property used, or intended to be used, to commit crimes charged in Counts One and Two of the Indictment, and the Defendant further consented to the forfeiture of his interest in the Vehicle to the United States; and

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a), as incorporated in 28 U.S.C.

§ 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Vehicle, or substitute assets, in a value up to the value of the Vehicle.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's admissions in the plea agreement and his guilty plea, that the government has established the requisite nexus between the Vehicle and the offenses to which the Defendant pleaded guilty. Accordingly, the Vehicle is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2.  If the Vehicle, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Vehicle, pursuant to 21 U.S.C. § 853(p).

3.   The United States Marshals Service shall seize and hold the Vehicle in its secure custody and control.

4.   Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853, the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Vehicle in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Vehicle must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Vehicle, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Vehicle and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Vehicle that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of

Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Patti B. Saris
PATTI B. SARIS
United States District Judge

Dated: 11/1/07